UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKIM GULAID,<br>        Plaintiff,<br>    v.<br>CH2M HILL, INC., et al.,<br>        Defendants. | Case No. 15-cv-04824-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: ECF No. 20 |

Before the Court is Defendant CH2M Hill, Inc.'s Motion to Dismiss. ECF No. 20. For the reasons stated below, the motion is granted.

## I. BACKGROUND

For purposes of deciding this motion, the Court accepts as true the following allegations from Plaintiff's complaint. Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994).

Plaintiff Hakim Gulaid, appearing pro se, is a resident of California who alleges that he was constructively discharged from his employment with Defendant CH2M Hill, Inc. ("CH2M") on March 4, 2014 and that he was forced to resign due to discriminatory and harassing conduct. ECF No. 1 at ¶¶ 4-6. Gulaid was born in Somaliland, is Muslim, and speaks Somali as his native language, although he also now speaks English fluently. Id. at ¶¶ 12-16. He was hired by CH2M as a Project Quality Control Manager on December 30, 2013 for a project in Djibouti, Djibouti. Id. at ¶ 22. While Plaintiff was originally told he would report to Defendant Michael Weinmuller, which was in conflict with contract requirements, CH2M subsequently changed his "reporting relationship" to Vice President Dave Bird, which was in harmony with project contract requirements. Id. at ¶ 25. However, Weinmuller "insisted that he remain Plaintiff's supervisor and prevailed," and became "Plaintiff's supervisor on a daily basis in all practical respects." Id. at ¶ 26.

Gulaid was excited about his job but it was cut short "due to unlawful discrimination, racial harassment and retaliation that he experienced during his employment." Id. at ¶¶ 27-28. He was "treated . . . so poorly that he was forced to resign" and return to the United States. Id. at ¶ 28. Gulaid alleges that "Defendant clearly breached the terms of the Offer Letter and company policies with respect to Mr. Gulaid." Id.

Plaintiff had to leave Oakland, California and move himself and his family to Djibouti. Id. at ¶ 29. CH2M did not provide assistance that he needed on a timely basis. Id. Gulaid was excluded from important meetings with management and the client, id. at ¶ 30, and was not provided material information related to his job or with a properly working computer, id. at ¶ 31. He was never formally introduced to his supervisor David Bird. Id. at ¶ 32. He was ignored at meetings by his superiors, which "created a climate whereby his co-workers would do the same." Id. at ¶ 33. He was verbally abused in front of the client, required to report to an individual in violation of the project contract (presumably, Mr. Weinmuller), and Defendant "retaliated against him for complaining" about his treatment. Id. at ¶ 34-36. Gulaid "resigned his position given that he and no other reasonable individual would be able to tolerate the hostile working environment created by Defendant." Id. at ¶ 37.

Gulaid filed a complaint with the California Department of Fair Employment and Housing Commission on February 20, 2015, which provided him with a Right to Sue Notice on February 26, 2015. Id. at ¶¶ 38, 40. He stated that the Equal Employment Opportunity Commission issued him a Dismissal and Notice of Rights on July 20, 2015. Id. at ¶ 39.

Gulaid filed his complaint in this Court on October 20, 2015. Id. He brings the following claims: (1) violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.; (2) retaliation in Violation of Title VII[1]; (3) violation of the California Fair Employment and Housing Act ("FEHA"); (4) negligent hiring, retention, and supervision; (5) breach of contract; (6) fraud and misrepresentation; and (7) wrongful termination. Id. at ¶¶ 42-70.

---

[1] Both Gulaid's second and fourth causes of action are titled "Retaliation in Violation of Title VII" and contain identical language. See ECF No. 1 at ¶¶ 48-53, 47-52. The Court therefore considers these two causes of action as a single claim.

## II.  JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's claims under the Civil Rights Act pursuant to 28 U.S.C. § 1331 and jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

## III.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

"A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

## IV.  DISCUSSION

Defendant argues that Plaintiff's Title VII claims, his FEHA claims, and his state law claims should all be dismissed. The Court discusses these claims in turn below.

### A.  Title VII

Plaintiff alleges in his first count that Defendant violated Title VII by discriminating against him on the basis of race, religion, and national origin. ECF No. 1 at ¶ 44. He states

3

Defendants did so by "creating, fostering, and accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of [his] protected status." ECF No. 1 at ¶ 44. He alleges in his second count that Defendant "has retaliated against Plaintiff by failing to provide him with adequate resources, excluding him from meetings and other material channels for obtaining information, derogatory communications, both written and oral, untimely providing resources for relocation to and from the project from his home in the United States, embarrassing him in front of co-workers and clients, among other acts." Id. at 50.

Defendant argues that Plaintiff's Title VII claims must be dismissed because Plaintiff has not exhausted his claims before the EEOC. ECF No. 20 at 6. "In order to litigate a Title VII claim in federal district court, [a plaintiff] must have exhausted her administrative remedies." Greenlaw v. Garrett, 59 F.3d 994, 997 (9th Cir. 1995). "Although failure to file an EEOC complaint is not a complete bar to district court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite." Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003). Because Plaintiff first filed a charge with the California Department of Fair Employment and Housing Commission, he was required to file a complaint with the EEOC within 300 days of the date the allegedly unlawful employment practice occurred or 30 from notice by the DFEH that state administrative proceedings had terminated, whichever was earlier. 42 U.S.C. § 2000e-5(e)(1); Ranza v. Nike, Inc., 793 F.3d 1059, 1075-76 (9th Cir. 2015).

Here, Defendant argues that Plaintiff did not timely exhaust his administrative remedies because he was constructively terminated on March 4, 2014, and therefore was required to file his complaint with the EEOC by December 29, 2014, or 300 days after he was allegedly constructively terminated.[2] ECF No. 20 at 6-7. Plaintiff does not allege the date on which he filed his complaint with the EEOC. However, he states in his Opposition that he did not file his EEOC claim until after he filed his claim with the California Department of Fair Employment and Housing, ECF No. 24 at 7, which according to his complaint occurred on February 20, 2015, ECF

---

[2] This is the earlier of the two dates specified by 42 U.S.C. § 2000e-5(e)(1), as Plaintiff did not receive notice of the termination of his state agency proceedings until February 26, 2015.

No. 1 at 6. Accordingly, it appears that Plaintiff has failed to timely exhaust his administrative remedies with the EEOC.

Plaintiff argues his lawsuit is proper because he filed his lawsuit in this court within the 90-day requirement specified on his Notice of Rights from the EEOC. ECF No. 24 at 7. That argument addresses a different requirement than the one at issue here. The 300-day limit described in 42 U.S.C. § 2000e-5(e)(1) sets the deadline for when Plaintiff must have filed his *claim with the EEOC* in order to exhaust his administrative remedies, not when he must have filed his complaint in this court.

Defendant's motion to dismiss Plaintiff's first and second counts under Title VII of the Civil Rights Act is accordingly granted without prejudice. Any amended pleading must explain how Plaintiff has met the exhaustion requirements of 42 U.S.C. § 2000e-5(e)(1).

### B.   FEHA

Plaintiff alleges in his third count that Defendant has violated the California FEHA through the same discriminatory conduct that supported his Title VII claims. ECF No. 1 at ¶¶ 41-45. He alleges that Defendant "denied Plaintiff the same terms and conditions of employment available to employees who are not of the same race, religion, and national origin as Plaintiff, including but not limited to, subjecting him to disparate working conditions and denying the opportunity to work in an employment setting free of unlawful harassment." Id. at ¶ 42.

Defendant argues that Plaintiff's FEHA claim must fail because FEHA does not apply to conduct that occurs outside of California and lacks a factual nexus between the alleged discriminatory conduct and any of Defendant's California-based activities. ECF No. 20 at 7-8. Defendant cites to Campbell v. Arco Marine, Inc., 42 Cal. App. 4th 1850, 1858 (1996), which held that the FEHA could not be applied to conduct that occurred outside of California, to a plaintiff who was a non-resident of California, and which involved no participation by any corporate officer in the Defendant company's California headquarters. Courts in this circuit have applied this extraterritoriality rule even if the plaintiff is a California resident. See, e.g., Anderson v. CRST Intern., Inc., No. CV 14-368 DSF (MANx), 2015 WL 1487074 at *5 (C.D. Cal. Apr. 1, 2015) (holding that the concept of extraterritoriality applies "regardless of the plaintiff's

residency"); see also Rulenz v. Ford Motor Co., No. 10cv1791-GPC-MDD, 2013 WL 2181241 at *3 (S.D. Cal. May 20, 2013) ("Therefore, to properly plead a FEHA claim, a plaintiff must sufficiently allege the tortious conduct occurred in the state of California"); Gonsalves v. Infosys Tech., LTD., No. C 09-04112 MHP, 2010 WL 1854146 at *6 (N.D. Cal. May 6, 2010) (Plaintiff must aver "a factual nexus between [Defendant's] California-based activities and the alleged discriminatory conduct").

Here, Plaintiff alleges that a work environment was created in Djibouti in which he was discriminated against, verbally abused, and ignored. He does not, however, allege that any of this conduct was connected to Defendant's California-based activities or that any California employee participated in or authorized the conduct. In his Opposition, Plaintiff cites to Roger-Vasselin v. Marriot Intern., Inc., No. C04-4027 TEH, 2006 WL 2038291 at *8 (N.D. Cal. July 19, 2006), and Sims v. Worldpac Inc., No. C12-05275, 2013 WL 663277 at *3 (N.D. Cal. Feb. 22, 2013) (unpublished) for the proposition that the Court may apply FEHA to conduct outside of California. ECF No. 24 at 7. However, in both of those cases the plaintiff was able to specifically identify connections between the alleged discriminatory conduct and the activities of particular employees of defendants in California. See Roger-Vasselin, 2006 WL 2038291 at *8 (plaintiff presented material factual dispute as to whether a California-based manager "provided input" in promotion denials); Sims, 2013 WL 663277 at *3 (plaintiff identified particular individuals who, while in California, made the decision to terminate him). Gulaid, by contrast, does not make any such specific allegations.

Accordingly, Defendant's motion to dismiss Gulaid's FEHA claims is granted without prejudice. Any amended pleading must identify the specific California-based conduct that was connected to the alleged discriminatory conduct.

### C. Remaining Claims

Plaintiff's remaining causes of action bring claims for negligent hiring, retention, and supervision; for breach of contract; for fraud and misrepresentation; and for wrongful termination. Defendant argues that all of these counts should be dismissed for failure to state a plausible claim. The Court considers each claim in turn.

Under California law, a defendant employer may be liable for the acts of his agents where the employer "is either negligent or reckless in the hiring or supervision of the agent." Deutsch v. Masonic Homes of Cal., Inc., 164 Cal. App. 4th 748, 783 (2008); see also Evan F. v. Hudson United Methodist Church, 8 Cal. App. 4th 828, 842 (1992) (liability attached when "the employer has not taken the care which a prudent man would take in selecting the person for the business at hand" (internal citation, quotation marks, and emphasis removed)).  Here, Gulaid's complaint contains no allegations as to which persons the Defendant was negligent or reckless in hiring or supervising, or why their actions in that regard were negligent or reckless.  He argues in his Opposition that "Defendant knew or should have known of their supervisor's discriminatory proclivities which resulted in irreparable harm to Plaintiff," ECF No. 24 at 8, but he provides no allegations identifying any supervisor's "discriminatory proclivities" or how Defendant knew or should have known of these proclivities.  Instead, Plaintiff only alleges generally that he was mistreated while employed by CH2M as well as the conclusory assertion that his mistreatment resulted from discrimination.  Accordingly, Plaintiff's claim for negligent hiring, retention and supervision is dismissed without prejudice.

To prevail on a breach of contract claim, a plaintiff must prove "(1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." Richman v. Hartley, 224 Cal. App. 4th 1182, 1186 (2014).  Plaintiff alleges that Defendant's conduct towards him "clearly breached the terms of the Offer Letter and company policies." ECF No. 1 at ¶ 28; see also id. at ¶ 58 (alleging that Defendant "discriminated and harassed Plaintiff in contravention of its corporate policies and practices prohibiting discrimination and harassment").  However, in the absence of any allegations identifying contractual terms that were violated as well as specific conduct that violated those terms, these statements are conclusory. Holcomb v. Wells Fargo Bank, N.A., 155 Cal. App. 4th 490, 501, 66 Cal. Rptr. 3d 142, 150 (2007), as modified (Oct. 22, 2007) ("Without specifying . . . the specific terms Holcomb claims the bank had breached, the complaint fails to adequately state a cause of action for breach of contract.").  Accordingly, Plaintiff's claim for breach of contract is dismissed without prejudice.

To plead a cause of action for fraud, a plaintiff must allege "(1) a knowingly false representation by the defendant, (2) an intent to defraud or to induce reliance, (3) justifiable reliance, and (4) resulting damages." Croeni v. Goldstein, 21 Cal. App. 4th 754, 758 (1994). Every element must be specifically pleaded. Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991). Here, Plaintiff alleges that "Defendant actively and aggressively recruited and hired Plaintiff knowing that it had animus toward Plaintiff based upon his race, religion, and national origin," ECF No. 1 at ¶ 61, and that he accepted his assignment on Djibouti over other potential opportunities "due to Defendant's representations that he would enjoy the full support of Defendant's resources related to the position that he would hold and that he would be treated in a manner consistent with this [sic] policies of non-discrimination and prohibition of harassment," ECF No. 1 at ¶ 62. The Court concludes that Plaintiff has not plausibly pleaded a claim of fraud. Outside of general statements, Plaintiff does not allege particular representations that were false or any conduct that indicates knowledge or fraudulent intent. Accordingly, Plaintiff's claim for fraud and misrepresentation is dismissed without prejudice.

Plaintiff's final claim is for wrongful termination. ECF No. 1 at 11. Defendant asserts that this claim "should fail because it is entirely derivative of Plaintiff's statutory claims" under FEHA. ECF No. 20 at 11. In his Opposition, Plaintiff responds that "the discrimination occurred under the anti-discrimination statute in California, FEHA," and that "FEHA may apply in a situation, like here, where both Plaintiff and Defendant both have significant contacts with the State of California and where some but not all alleged discriminatory [sic] occurred here in California." ECF No. 24 at 10. It does not appear that Plaintiff disputes that his wrongful termination claim overlaps with his FEHA claim. As the Court has already found, Plaintiff's FEHA claim must be dismissed because he has not shown a connection between the alleged discriminatory conduct in Djibouti and any California-based conduct by Defendant. For this reason, Plaintiff's wrongful termination claim must also be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted without prejudice. Any amended complaint must be filed within 21 days of the issuance of this order.

Plaintiff is encouraged to seek the assistance of the Legal Help Center in amending his complaint. The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California. Assistance is provided by appointment only. Litigants may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415–782-8982. Plaintiffs may also wish to consult the Northern District of California manual, *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants,* a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

**IT IS SO ORDERED.**

Dated:  March 10, 2016

                                                                                                             _____
                                                                                                             JON S. TIGAR
                                                                                                             United States District Judge