UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAKIM GULAID,

            Plaintiff,

   v.

CH2M HILL, INC., et al.,

            Defendants.

Case No.  15-cv-04824-JST

**ORDER DENYING MOTION TO ENFORCE SETTLEMENT**

Re: ECF No. 38

Before the Court is a Motion to Enforce Settlement, filed by Plaintiff Hakim Gulaid.  ECF No. 38.  The motion is opposed.  ECF No. 43.  For the reasons stated below, the Court denies the motion.

**I.    BACKGROUND**

Plaintiff Hakim Gulaid, appearing pro se, is a resident of California who alleges that he was constructively discharged from his employment with Defendant CH2M Hill, Inc. ("CH2M") on March 4, 2014 and that he was forced to resign due to discriminatory and harassing conduct.  ECF No. 1 ¶¶ 4-6.  Plaintiff alleges that he was "treated . . . so poorly that he was forced to resign" and return to the United States and that "Defendant clearly breached the terms of the Offer Letter and company policies with respect to Mr. Gulaid."  Id. ¶ 28.

Plaintiff filed his complaint in this Court on October 20, 2015.  Id.  He brings the following claims: (1) Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.; (2) Retaliation in Violation of Title VII[1]; (3) Violation of the California Fair Employment and Housing Act ("FEHA"), ; (4) Negligent hiring, retention, and supervision; (5) Breach of contract;

---

[1] Both Gulaid's second and fourth causes of action are titled "Retaliation in Violation of Title VII" and contain identical language.  See ECF No. 1 at ¶¶ 48-53, 47-52.  The Court therefore considers these two causes of action as a single claim.

1    (6) Fraud and misrepresentation; (7) Wrongful termination.  Id. at ¶¶ 42-70.[2]

2         Plaintiff now brings this motion to enforce a settlement he alleges the parties reached

3    during private settlement negotiations.  ECF No. 38.  CH2M opposes the motion.  ECF No. 43.

4    **II.    DISCUSSION**

5         "It is well settled that a district court has the equitable power to enforce summarily an

6    agreement to settle a case pending before it."  Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)

7    (citations omitted).  "However, the district court may enforce only *complete* settlement

8    agreements.  Where material facts concerning the existence or terms of an agreement to settle are

9    in dispute, the parties must be allowed an evidentiary hearing."  Id. (citations omitted).

10        Plaintiff asserts that the parties reached an agreement to settle this case for $25,000 during

11   their settlement negotiations in December 2015 and January 2016.  ECF No. 38.  Specifically,

12   Plaintiff contends that he accepted CH2M's offer of $25,000 on January 27, 2016.  Id. at 7.

13   CH2M responds that because Plaintiff's representative during negotiations made a counteroffer of

14   $35,000 in response to its final offer of $25,000, this counteroffer extinguished CH2M's offer as a

15   matter of law.  ECF No. 43 at 4.  Because Defendant never re-offered this amount after rejecting

16   Plaintiff's counteroffer, it argues that there was no offer for Plaintiff to accept on January 27.  Id.

17        The parties have submitted their e-mail communications on the topic to the Court as

18   exhibits.  See ECF No. 38 at 16-30, ECF No. 43-2.  Having reviewed these exhibits, and having

19   confirmed that no party wishes to bring additional evidence or to hold an evidentiary hearing, the

20   Court concludes that CH2M's interpretation of the settlement negotiations is correct.

21        On December 28, 2015, Paul Garrison, Plaintiff's representative, sent a follow-up e-mail

22   regarding Plaintiff's "most recent demand of $37,500."  ECF No. 43-2 at 6.  Gregory Cheng,

23   CH2M's counsel responded that "my client reiterates that their final offer is $25,000."  Id.

24   Following additional e-mails regarding a time to discuss by phone, Mr. Garrison then sent an e-

25   mail on January 15 stating: "I would like to communicate a revised demand of $35,000 on behalf

26   of Mr. Gulaid."  Id. at 4.  After further e-mail exchanges discussing times to speak on the phone,

---

[2] This Court previously issued a separate order granting a motion to dismiss Plaintiff's complaint without prejudice.  ECF No. 48.

United States District Court
Northern District of California

United States District Court
Northern District of California

Mr. Garrison then sent an e-mail on January 26, 2015, which stated in its entirety: "Yes, call me tomorrow morning.  Was there a change in your client's position favorable to Mr. Gulaid?  Do you anticipate any?"  Id. at 2.  Mr. Cheng's response later that day, in its entirety was: "No and no. Can call you in the am."  Id.

Mr. Garrison and Mr. Cheng then appear to have discussed the matter by phone on the morning of January 27.  The next e-mail provided to the Court is from Mr. Cheng to Mr. Garrison:

> Paul,
>
> My client said that he needs to speak with his business folks and will not be able to have a decision for me until Friday.  Will let you know as soon as I hear.

ECF No. 38 at 29.  To this, Mr. Garrison replied:

> Greg:
>
> Just to be clear, you are following up with your client to determine the status of the $25,000.00 which Mr. Gulaid has accepted today.  Your client has never communicated that its offer was withdrawn so his position is that it was on the table during settlement negotiations.  I look forward to hearing back from you.

Id. Mr. Cheng responded on January 29, 2016.  He stated:

> Paul,
>
> I just heard back from my client.  First, to respond to your email below, there was no $25,000 to "accept" as you countered that with the $35,000 which they simply said no to.  I was never given the authority to put the $25,000 back on the table after that so we did not.
>
> …
>
> As foreshadowed to you in the fall of 2015, because CH2M has now been required to invest a significant amount of money in its motion to dismiss, it has no desire to resolve the matter beyond a true nuisance value level.  I therefore simply am unable [sic] persuade CH2M to put $25,000 back on the table.
>
> …

Id. at 28.

In sum, it appears that on December 28, 2015, there was an outstanding settlement offer by CH2M of $25,000, to which Plaintiff responded with a counteroffer of $37,500.  CH2M responded by again "reiterating" an offer of $25,000, and on January 15, Plaintiff "communicate[d] a revised demand of $35,000," to which the response was simply "No and no." Finally, it appears that Plaintiff communicated by phone, on the morning of January 27, an interest

1    in accepting a settlement for $25,000, which CH2M ultimately rejected on January 29.

2         As noted above, Plaintiff contends that there remained an outstanding offer of $25,000 by

3    CH2M on January 27, and that Plaintiff accepted this offer and thus created a binding agreement.

4    See ECF No. 38 at 10-12.  He argues that when he "proposed a possible settlement number of

5    $35,000, the Company again refused to increase its offer, but it did not state that the $25,000 was

6    extinguished."  Id. at 11.  CH2M responds that Plaintiff could not accept an offer of $25,000 on

7    January 27 because his counteroffer of $35,000 on January 15 extinguished any outstanding offer

8    as a matter of law.  ECF No. 43 at 4.

9         There was no need for CH2M to state that its prior offer was extinguished, because that

10   happened by operation of law.  "Generally, a rejection or counteroffer ordinarily terminates the

11   power to accept the previously made offer."  Collins v. Thompson, 679 F.2d 168, 171 (9th Cir.

12   1982) (citations omitted); see also Presto Casting Co. v. N.L.R.B., 708 F.2d 495, 497 (9th Cir.

13   1983) (holding that "general legal principles of contract formation . . . hold that counteroffers,

14   rejections and a subsequent change of relative bargaining positions in favor of the offeror

15   constitute withdrawal of the offer and that a purported acceptance thereafter is wholly

16   ineffective"); Apablasa v. Merritt & Co., 176 Cal. App. 2d 719, 726 (1959) ("A counter-offer

17   containing a condition different from that in the original offer is a new proposal and, if not

18   accepted by the original offeror, amounts to nothing.").  Here, Plaintiff terminated the power to

19   accept CH2M's previous offer of $25,000 by countering with $35,000.

20        Plaintiff's arguments to the contrary are unavailing.  First, he contends that his

21   "communicat[ion] of a revised demand of $35,000" was not a counteroffer but rather "a mere

22   inquiry regarding the possibility of different terms, a request for a better offer or a comment upon

23   the terms of the offer."  ECF No. 38 at 12.  This claim is not persuasive.  Plaintiff gave no

24   indication that his communication was merely an inquiry or a comment, but rather stated it was a

25   "revised demand" for $35,000, clearly portraying the amount as a counteroffer.  See Collins, 679

26   F.2d at 171 ("A manifestation of intention not to accept an offer is a rejection unless the offeree

27   manifests an intention to take it under further advisement." (citation omitted)); Apablasa, 176 Cal.

28   App. 2d at 726 ("a qualified acceptance amounts to a new proposal or counter-offer putting an end

United States District Court
Northern District of California

to the original offer").  Plaintiff cites to <u>Poster v. S. Cal. Rapid Transit Dist.</u>, 52 Cal. 3d 266, 271 (1990) and <u>Guzman v. Visalia Community Bank</u>, 71 Cal. App. 4th 1370, 1375 (1999), but both cases dealt specifically with written settlement offers made pursuant to Cal. Civ. Proc. Code § 998 – indeed, the issue in both cases is whether the statutory language and intent of section 998 overruled "general contract law principles," such as that "a counteroffer which deviates from the terms of an offer generally operates to revoke the offer."  <u>Poster</u>, 52 Cal. 3d at 271.  Here, neither party contends any settlement offer was made under section 998.

Plaintiff also contends that the agreement should be enforced under the doctrines of promissory estoppel or equitable estoppel.  ECF No. 38 at 10-11.  Those doctrines do not apply here.  The elements of promissory estoppel are "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." <u>Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.</u>, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010) (citing <u>Ecology, Inc. v. State of California</u>, 129 Cal. App. 4th 887, 901-902 (2005)).  Here, there was no surviving promise when Plaintiff attempted to accept the $25,000.  Nor was his reliance on that alleged offer reasonable, given the hornbook contract law that a counteroffer extinguishes a prior offer.  Equitable estoppel, which Plaintiff describes as a doctrine that "operates to prevent one party from taking unfair advantage of another," ECF No. 38 at 11 (quoting <u>San Diego Mun. Credit Union v. Smith</u>, 176 Cal. App. 3d 919, 923 (1986)), also does not apply.  Plaintiff has not shown that CH2M has taken unfair advantage of him or "intentionally and deliberately led another to believe a particular thing true," <u>San Diego</u>, 176 Cal. App. 3d at 922, simply by relying on generally accepted contract law.

Finally, Plaintiff argues in his reply that "[i]f Defendant had truly believed that its settlement offered had been extinguished by alleged counterproposals, it would have said so during the negotiations between December 14, 2015 when it made the offer and January 27, 2016 when Plaintiff accepted it."  ECF No. 45 at 3.  Yet as explained above, Defendant did not need to "say" that its offer was no longer available after January 15 because Plaintiff's counteroffer of $35,000 extinguished CH2M's offer as a matter of law.  Unlike after Plaintiff's prior counteroffer

of $37,500, when Mr. Cheng "reiterate[d] that their final offer is $25,000," CH2M did not communicate a further offer in response to Plaintiff's counteroffer of $35,000 on January 15. Therefore, there was no available offer of $25,000 for Plaintiff to accept on January 27.

Accordingly, the Court concludes that the parties did not reach an enforceable settlement agreement.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Enforce Settlement is denied.

**IT IS SO ORDERED.**

Dated:  March 17, 2016

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

6