United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| HAKIM GULAID,<br><br>            Plaintiff,<br><br>    v.<br><br>CH2M HILL, INC., et al.,<br><br>            Defendants. | Case No.  15-cv-04824-JST<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING REQUEST TO STRIKE**<br><br>Re: ECF No. 55, 64-1 |

Before the Court are Defendant CH2M Hill, Inc.'s Motion to Dismiss and Request to Strike.  ECF Nos. 55, 64-1.  For the reasons stated below, the motion to dismiss is granted and the request to strike is denied.

**I.      BACKGROUND**

For purposes of deciding this motion and request, the Court accepts as true the following allegations from Plaintiff's First Amended Complaint, ECF No. 53 ("FAC").  Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994).

Plaintiff Hakim Gulaid, appearing *pro se*, is a resident of California who alleges that he was constructively discharged from his employment with Defendant CH2M Hill, Inc. ("CH2M") on March 4, 2014 and that he was forced to resign due to discriminatory and harassing conduct.  FAC at 2-3.[1]  Gulaid was born in Somaliland, is Muslim, and speaks Somali as his native language, although he also now speaks English fluently.  Id. at 3.  He was hired by CH2M as a Project Quality Control Manager on December 30, 2013 for a construction project on the U.S. Navy base in Djibouti, Djibouti.  Id. at 4.  While Plaintiff was originally told he would report to

---

[1] The Court will cite to the FAC by page number because Plaintiff assigns paragraph numbers 41-52 to more than one paragraph each.  See ECF No. 53 at 6-10.

Defendant Michael Weinmuller, which was in conflict with project contract requirements, CH2M subsequently changed his "reporting relationship" to Vice President David Bird, which was in harmony with those requirements.  Id.  However, Weinmuller "insisted that he remain Plaintiff's supervisor and prevailed," and became "Plaintiff's supervisor on a daily basis in all practical respects."  Id. at 5.  "Plaintiff did not enjoy a daily supervisorial relationship with Mr. Bird, but Mr. Bird would direct Plaintiff and Weinmuller from his office in California."[2]  Id.

Gulaid was excited about his job but it was cut short "due to unlawful discrimination, racial harassment, and retaliation that he experienced during his employment."  Id.  He was "treated . . . so poorly that he was forced to resign" and return to the United States.  Id.  Gulaid alleges that "Defendants clearly . . . breached the terms of the Offer Letter and company policies with respect to Mr. Gulaid."  Id.

Plaintiff had to leave Oakland, California and move himself and his family to Djibouti.  Id.  CH2M did not provide assistance that he needed on a timely basis.  Id.  Gulaid was excluded from important meetings with management and the client, and was not provided material information related to his job or with a properly working computer.  Id.  He was never formally introduced to his supervisor David Bird.  Id.  He was ignored at meetings by his superiors, which "created a climate whereby his co-workers would do the same."  Id.  He was verbally abused in front of the client, required to report to an individual in violation of the project contract (presumably, Mr. Weinmuller), and "retaliated against . . . for complaining" about his treatment.  Id. at 6.  Gulaid "resigned his position given that he and no other reasonable individual would be able to tolerate

---

[2] Defendant contends that these new allegations that Mr. Bird directed Plaintiff and Weinmuller from his office in California contradicts Plaintiff's initial complaint and should be stricken as "sham pleadings."  ECF No. 55 at 12.  In PAE Gov't Servs., Inc. v. MPRI, Inc., the Ninth Circuit held that:

> "[T]here is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith—a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11—inconsistent allegations are simply not a basis for striking the pleading."

514 F.3d 856, 860 (9th Cir. 2007).   Defendant does not attempt to show bad faith.

United States District Court
Northern District of California

1    the hostile working environment created by Defendants." Id.

2         Gulaid filed a complaint with the California Department of Fair Employment and Housing

3    ("DFEH") on February 20, 2015, which provided him with a Right to Sue Notice on February 26,

4    2015. Id. He filed his action in this Court on October 20, 2015. ECF No. 1. Defendant CH2M

5    filed a motion to dismiss on December 17, 2015, ECF No. 10, which was granted without

6    prejudice on March 10, 2016, ECF No. 48.

7         Gulaid filed his FAC in this Court on April 1, 2016 and brings the following claims:

8    (1) violation of 42 U.S.C. §§ 1981, 1983; (2) retaliation (presumably, in violation of 42 U.S.C.

9    § 1981); (3) violation of the California Fair Employment and Housing Act ("FEHA");

10   (4) retaliation (presumably, in violation of the FEHA); (5) negligent hiring, retention, and

11   supervision; (6) breach of contract; (7) fraud and misrepresentation; and (8) wrongful termination.

12   FAC at 6-11.

13        On April 14, 2016, Defendant CH2M filed a motion to dismiss the FAC. ECF No. 55.

14   Defendant also filed a request for judicial notice, ECF No. 56, of the complaint Plaintiff filed with

15   the DFEH on February 20, 2015, ECF No. 56-1, Ex. A. On April 28, 2016, Plaintiff filed an

16   opposition to the motion to dismiss, ECF No. 61, and submitted a declaration in support, ECF No.

17   62, along with three exhibits: his first offer letter from CH2M dated December 10, 2013, id., Decl.

18   Ex. A; his offer letter from CH2M dated December 18, 2013, id., Decl. Ex. B; and a document

19   excerpt that describes the reporting structure and responsibilities for a QC Manager position, id.,

20   Decl. Ex. C. On May 5, 2016, Defendant CH2M filed a reply to the opposition. ECF No. 64. As

21   an attachment to the reply, Defendant also filed an objection to, and request for this Court to

22   strike, Plaintiff's Declaration, including Declaration Exhibits A-C. ECF No. 64-1.

23   **II.      JURISDICTION**

24        This Court has subject matter jurisdiction over Plaintiff's claims under 42 U.S.C.

25   §§ 1981, 1983, and jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

26   **III.     REQUEST TO STRIKE**

27        **A.      Legal Standard**

28        "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence

United States District Court
Northern District of California

outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125−26 (9th Cir. 2002). First, a court evaluating a Rule 12(b)(6) motion "may take judicial notice of matters of public record." Id. at 689 (internal quotation marks and citation omitted); see Fed. R. Evid. 201. Second, a court "may consider extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it." Johnson v. Fed. Home Loan Mortgage Corp., 793 F.3d 1005, 1007 (9th Cir. 2015). "[W]here a document is incorporated by reference, it becomes part of the complaint and the court accordingly assumes the truth of its contents for the purposes of ruling on [a] motion to dismiss." In re Ubiquiti Networks, Inc. Sec. Litig., 33 F. Supp. 3d 1107, 1118 n.2 (N.D. Cal. 2014).

"[A] motion to strike materials that are not part of the pleadings may be regarded as an invitation by the movant to consider whether [the materials] may properly be relied upon." Delano Farms Co. v. California Table Grape Comm'n, 623 F. Supp. 2d 1144, 1182 (E.D. Cal. 2009) (internal quotation marks and citation omitted), aff'd, 655 F.3d 1337 (Fed. Cir. 2011). "Under the express language of [Rule 12(f)], only pleadings are subject to motions to strike." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "[A] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party." Fed. R. Civ. P. 12(f).

"Motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." Rosales v. Citibank, Fed. Sav. Bank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); see also BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) ("Striking a party's pleading . . . is an extreme and disfavored measure"); Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347

United States District Court
Northern District of California

4

(4th Cir. 2001) ("Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy") (internal quotation marks and citation omitted).  "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party."  Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

**B.    Discussion**

Defendant requests that the Court strike the entirety of Plaintiff's Declaration, including Declaration Exhibits A-C.  ECF No. 64-1.  Defendant argues that the declaration is "wholly improper" and that its assertions are "inadmissible on an evidentiary basis," including for reasons of relevance, improper legal conclusions, lack of foundation, hearsay, and lack of authentication.  See generally id.  In support of its Request to Strike, Defendant cites to Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 285-86 (5th Cir. 2006), which held that a district court did not abuse its discretion by granting in part a motion to strike an expert's affidavit attached to a complaint.

As a preliminary matter, Fin. Acquisition does not help the Court's analysis of the request to strike.  Not only is the opinion from another circuit, it is factually inapposite.  Fin. Acquisition concerned the appeal of a district court's partial granting of a motion to strike an expert affidavit attached to a complaint, and the question was whether the district court abused its discretion by issuing that order.  In other words, the question was not whether a district court *could* consider an affidavit attached to a complaint, but whether it was *required* to do so.  Fin. Acquisition, 440 F.3d at 285.  That is not the question before this court.  Moreover, the district court did not strike the declaration in its entirety, only the portions containing expert opinion.  The district court actually "did consider the affidavit's 'nonconclusory, factual portions.'"  Id. (quoting the district court).  Thus, to the extent the case is relevant at all, it helps the Plaintiff.

Defendant does not argue that the materials are "redundant, immaterial, impertinent, or scandalous" or that they "have no possible bearing on the subject matter of the litigation."  Rosales, 133 F. Supp. 2d at 1180.  In addition, Defendant concedes that "Mr. Gulaid's declaration

United States District Court
Northern District of California

is not a 'pleading' within the meaning of Fed. R. Civ. P. 7(a)," [3] ECF No. 62 at 2, rendering it an improper subject of a motion to strike.

The Court therefore denies Defendant's Request to Strike.  Instead, the Court interprets the request as an invitation to consider the propriety of relying on the challenged documents in ruling on the motion to dismiss.

In its Reply, Defendant argues that the Court should not consider Plaintiff's Declaration in ruling on the motion to dismiss because "the assertions in Mr. Gulaid's declaration are neither referred to in his First Amended Complaint, nor are they judicially noticeable."  ECF No. 64-1 at 1.  The Court agrees that the declaration's assertions do not qualify for an exception to the general rule that the scope of a Rule 12(b)(6) analysis is limited to the complaint.  Therefore, the Court will not consider the declaration's allegations in ruling on the motion to dismiss.

The exhibits attached to Plaintiff's Declaration, however, may properly be considered as incorporated by reference.  Declaration Exhibits A (the first offer letter), B (the second offer letter), and C (the document including the QC Manager job description) are all referenced by the FAC.  See FAC at 4 ("Defendants sent an Offer Letter to Plaintiff"); id. ("Plaintiff was initially told that he would report to Michael Weinmuller, Project Manager, in conflict with the contract requirements.  However, the Company subsequently changed Plaintiff's reporting relationship to Dave Bird, Vice President . . . This Change was in harmony with project contract requirements."); id. at 5 ("Defendants . . . breached the terms of the Offer Letter"); id. at 6 ("Defendants required Plaintiff to report to an individual in violation of the project contract"); id. at 10 ("Defendants breached their contract").  Additionally, Plaintiff's FAC necessarily relies on all three Declaration Exhibits because his breach of contract claim depends on the terms of Plaintiff's offer letters and on the terms of the project contract documents.  See id.

While Defendant raises evidentiary objections to the admissibility of the Declaration Exhibits (arguing "relevance," "improper legal conclusion," and "inadmissible hearsay"), ECF No.

_____

[3] While Plaintiff's Declaration is not a "pleading" under Rule 7(a), Plaintiff's FAC is deemed to include the declaration exhibits to the extent they are incorporated into the FAC by reference.  See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (holding that "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

United States District Court
Northern District of California

1  64-1 at ¶¶ 14-16, Defendant does not appear to dispute the authenticity of these documents, see

2  generally id.  Because Plaintiff's FAC necessarily relies on the declaration exhibits and because no

3  party appears to dispute their authenticity, the Court may consider these documents in ruling on

4  the motion to dismiss.  See Johnson, 793 F.3d at 1007.

5  **IV.     MOTION TO DISMISS**

6      **A.     Legal Standard**

7        A complaint must contain "a short and plain statement of the claim showing that the

8  pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and

9  the ground upon which it rests."  Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S.

10  544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual

11  matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal,

12  556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "A claim has facial

13  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

14  inference that the defendant is liable for the misconduct alleged."  Id. "Dismissal under Rule

15  12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts

16  to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097,

17  1104 (9th Cir. 2008).

18        "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however

19  inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

20  lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations

21  omitted).

22        The Court must "accept all factual allegations in the complaint as true and construe the

23  pleadings in the light most favorable to the nonmoving party."  Knievel v. ESPN, 393 F.3d 1068,

24  1072 (9th Cir. 2005).  "However, [a court] need not accept as true allegations contradicting

25  documents that are referenced in the complaint or that are properly subject to judicial notice."

26  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

27      **B.     Discussion**

28        Defendant argues that Plaintiff's claims under 42 U.S.C. §§ 1981, 1983, his FEHA claims,

United States District Court
Northern District of California

7

1    and his additional state law claims should all be dismissed.  ECF No. 55 at 5.  The Court discusses

2    these claims in turn below.

3                    1.      **Violation of 42 U.S.C. §§ 1981, 1983**

4                            a.      **42 U.S.C. § 1981**

5         Plaintiff alleges in his first count that Defendants violated Section 1981 by discriminating

6    against him on the basis of race, religion, and national origin.  ECF No. 53 at 6.  He states that

7    Defendants did so by "creating, fostering, and accepting, ratifying and/or otherwise failing to

8    prevent or to remedy a hostile work environment that included, among other things, severe and

9    pervasive harassment of Plaintiff because of [his] protected status."  Id.

10        While Plaintiff's second count does not allege violation of any specific statute or public

11   policy, it appears to attempt to state a claim for retaliation in violation of Section 1981.  See id. at

12   7.  He alleges that "Defendants' [sic] have retaliated against Plaintiff" by "failing to provide him

13   with adequate resources," by "excluding him from meetings and other material channels for

14   obtaining information," by "making derogatory comments and communications, both written and

15   oral," by "failing to investigate [his] complaints of discrimination and harassment, and by not

16   timely providing resources for relocation to and from the project from his home in the United

17   States."  Id. at 7.

18        Defendant argues that Plaintiff's first and second counts must fail because Section 1981

19   only protects "persons within the jurisdiction of the United States," 42 U.S.C. § 1981(a), and

20   therefore "does not apply to claims of discrimination by employees working overseas," ECF No.

21   55 at 9.  42 U.S.C. Section 1981(a) provides that "[a]ll persons *within the jurisdiction of the*

22   *United States* shall have the same right in every State and Territory . . . and to the full and equal

23   benefit of all laws and proceedings for the security of persons and property as is enjoyed by white

24   citizens" (emphasis added).  "Acts of Congress normally do not have extraterritorial application

25   unless such an intent is clearly manifested."  Sale v. Haitian Centers Council, Inc., 509 U.S. 155,

26   188 (1993); see also ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1097 (9th Cir. 2005)

27   (holding that "courts must resolve restrictively any doubts concerning the extraterritorial

28   application of a statute").

United States District Court
Northern District of California

Defendant cites to Ofori-Tenkorang v. Am. Int'l Grp., Inc., 460 F.3d 296, 304 (2d Cir. 2006) (holding "nothing in the statutory language [of Section 1981] indicat[es] Congress's intent to allow those outside the territorial jurisdiction of the United States to raise Section 1981 claims") and to Tat Tohumculuk, A.S. v. H.J. Heinz Co., No. CIV 13-0773 WBS KJN, 2013 WL 6070483, at *7 (E.D. Cal. Nov. 14, 2013) (agreeing with the Ofori-Tenkorang court that Section 1981 "only covers acts of discrimination against persons within the jurisdiction of the United States").

While Plaintiff correctly notes that Ofori-Tenkorang does not control here, this Court agrees with the Second Circuit that, absent the express manifestation of congressional intent to the contrary, Section 1981 only applies to claims arising from discrimination committed while a plaintiff was within the jurisdiction of the United States.  460 F.3d at 307.  Other federal courts have consistently concluded that Section 1981 does not extend extraterritorially – not even to U.S. military bases overseas such as the U.S. Navy base on which Plaintiff worked in Djibouti.  See, e.g., Marshall v. Exelis Sys. Corp., No. 13-CV-00545-CMA-KMT, 2014 WL 1213473, at *10 (D. Colo. Mar. 24, 2014) (finding that Section 1981 does not extend to conduct on Bagram Airfield in Afghanistan); Gallaspy v. Raytheon Tech. Servs. Co., No. EP-04-CV-0012-FM, 2005 WL 1902534, at *5 (W.D. Tex. Aug. 9, 2005) (finding that Section 1981 does not extend to Kunsan Air Base in South Korea); Collins v. CSA, Ltd., No. 3:11-CV-0179-G, 2012 WL 1059025, at *4 (N.D. Tex. Mar. 27, 2012) (finding "that United States military bases abroad are not 'within the jurisdiction of the United States' referred to in Section 1981(a)").

Plaintiff argues that he nevertheless states a claim under Section 1981 because "[he] alleges that some of the discriminatory conduct occurred while he was in California," ECF No. 61 at 6 (citing Ofori-Tenkorang, 460 F.3d at 306 ("[c]onduct that occurred while plaintiff was within the United States clearly satisfies the statute's requirement that a person be within the jurisdiction of the United States") (internal quotation marks omitted)).  Plaintiff points to the following allegations from his FAC: "Plaintiff applied for the position from his residence in California," FAC at 4; Plaintiff had previously worked for Defendant in California, id. at 4 n.1; "Plaintiff was initially told that he would report to Michael Weinmuller . . . [h]owever, the Company subsequently changed Plaintiff's reporting relationship to Dave Bird," id. at 4; and "Defendants

1    required Plaintiff to report to an individual in violation of the project contract," id. at 6.

2        Plaintiff's position is unpersuasive.  Even interpreted in the light most favorable to

3    Plaintiff, the scant allegation that Defendant decided to require that Plaintiff "report to an

4    individual in violation of the project contract" while Plaintiff was still in California does not

5    plausibly allege a Section 1981 civil rights violation.

6        Therefore, the motion to dismiss Plaintiff's first and second claims under Section 1981 is

7    granted without prejudice.

8                            **b.    42 U.S.C. § 1983**

9        "'To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured

10   by the Constitution and laws of the United States, and [2] must show that the alleged deprivation

11   was committed by a person acting under color of state law.'  Dismissal of a § 1983 claim

12   following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that

13   give rise to a plausible inference of either element."  Naffe v. Frey, 789 F.3d 1030, 1035-36 (9th

14   Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

15       Defendant argues that Plaintiff's Section 1983 claim should be dismissed because Section

16   1983 only applies to governmental acts and "[n]o governmental entity is party to this matter."

17   ECF No. 55 at 9 n.3.  Plaintiff does not allege any facts demonstrating a Section 1983 violation,

18   see generally ECF No. 53, and his Opposition does not appear to dispute Defendant's contention

19   that this claim should be dismissed, see generally ECF No. 61.  Accordingly, the motion to

20   dismiss Plaintiff's claim under 42 U.S.C. § 1983 is granted without prejudice.

21                            **2.    The FEHA**

22       Plaintiff alleges in his third count that Defendant violated the FEHA through the same

23   discriminatory conduct that supports his Section 1981 claims.  ECF No. 53 at 8-9.  Plaintiff's FAC

24   newly asserts that "Mr. Bird would direct Plaintiff and Weinmuller from his office in California,"

25   that "[t]he Company's management team, *including Mr. Bird*, treated [Plaintiff] so poorly that he

26   was forced to resign," and that "Mr. Bird failed to respond to Plaintiff's reports of discrimination

27   and harassment, and filed [*sic*] to initiate an investigation regarding the same."  Id. at 5 (emphasis

28   added).

United States District Court
Northern District of California

Like his second count, Plaintiff's fourth count accuses Defendant of retaliation without alleging violation of any specific law or public policy.  See id. at 7-9.  Defendant construes Plaintiff's third and fourth counts as causes of action under the FEHA.  ECF No. 55 at 11, and Plaintiff adopts this construction in his opposition.  ECF No. 61 at 5.

Plaintiff pleads neither harassment, failure to take all reasonable steps to prevent discrimination and harassment, nor hostile work environment as additional causes of action under the FEHA.  See generally ECF No. 53.  But Plaintiff includes allegations of these claims in his FAC.  See id. at 5 ("Plaintiff's contribution was cut short due to . . . racial harassment . . . [and] Mr. Bird failed to respond to Plaintiff's reports of discrimination and harassment").  The Court will therefore liberally construe Plaintiff's FAC to also allege these causes of action.  See Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014) (holding that courts "construe pro se complaints liberally, especially in civil rights cases").

### a.    Administrative Exhaustion[4]

"Before filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies with DFEH.  Specifically, the employee must file an administrative complaint with DFEH identifying the conduct alleged to violate FEHA."  Wills v. Superior Court, 195 Cal. App. 4th 143, 153, (2011), as modified on denial of reh'g (May 12, 2011).  "To exhaust his or her administrative remedies as to a particular act made unlawful by the [FEHA], the claimant must specify that act in the administrative complaint."  Martin v. Lockheed Missiles & Space Co., 29 Cal. App. 4th 1718, 1724 (1994) (holding that a plaintiff could not bring legal claims for harassment, retaliation, and gender discrimination when their DFEH complaint only alleged age discrimination).

But "[t]he function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit

---

[4] Defendant filed a Request for Judicial Notice of the complaint Plaintiff filed with the DFEH on February 20, 2015.  ECF No. 56.  Plaintiff has not responded to or opposed the request. The Court may take judicial notice of "matters of public record." Fed. R. Evid. 201.  In evaluating a motion to dismiss, the Court may also consider a document not attached to the complaint if the document's "authenticity is not contested and the plaintiff's complaint necessarily relies on it." Johnson, 793 F.3d at 1007.  Defendant's Request for Judicial Notice is granted.

United States District Court
Northern District of California

access to the courts." <u>Martin v. Fisher</u>, 11 Cal. App. 4th 118, 122 (1992).  Thus a legal complaint need not exactly match a prior administrative complaint and may encompass allegations "like or reasonably related to" the allegations of the administrative complaint.  <u>Oubichon v. N. Am. Rockwell Corp.</u>, 482 F.2d 569, 571 (9th Cir. 1973).[5]  Whether a legal claim is "like or reasonably related" to a prior administrative complaint turns on whether the administrative agency investigation could have reasonably been expected to encompass the additional charges.  <u>Sosa v. Hiraoka</u>, 920 F.2d 1451, 1456 (9th Cir. 1990).  Employee administrative complaints should be construed "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading."  <u>B.K.B. v. Maui Police Depart.</u>, 276 F.3d 1091, 1100 (9th Cir. 2002) (internal quotation marks and citation omitted).

Defendant argues that Plaintiff's third and fourth claims fail because Plaintiff did not adequately exhaust his administrative remedies under the FEHA.  ECF No. 55 at 13-14.  Defendant cites to Plaintiff's DFEH Complaint, which states in pertinent part:

> From January 20, 2014 to March 4, 2014, I was harassed due to my National Origin [Somalia], Race [African], Color [Black] and Religion [Muslim] by Tom Berger, General Superintendent, Michael Weinmuller, Project Manager, and Mathew Roth, Quality Control Manager.  The harassment occurred multiple times and was of a verbal nature.  The harassment created a hostile work environment.  I complained about the harassment to Dave Bird, VP and nothing was done.  The harassment created working conditions so intolerable that I was forced to resign.

ECF No. 56-1, Ex. A at 6.

Defendant argues that Plaintiff's DFEH Complaint "makes no mention of any conduct connected to California" and that Plaintiff "cannot amend his civil lawsuit to incorporate claims of conduct in California, as he failed to exhaust his administrative remedies with regard to any such claims."  ECF No. 55 at 14.

Plaintiff responds that he adequately exhausted his administrative remedies because he

---

[5] <u>Oubichon</u> "dealt with the federal counterpart of FEHA, title VII of the federal Civil Rights Act of 1964 . . . [and] [s]ince the antidiscrimination objectives and public policy purposes of the two laws are the same, [courts] may rely on federal decisions to interpret analogous parts of the state statute." <u>Okoli v. Lockheed Tech. Operations Co.</u>, 36 Cal. App. 4th 1607, 1617 (1995) (internal quotation marks and citations omitted).

United States District Court
Northern District of California

1    named David Bird in the body of his DFEH Complaint, ECF No. 61 at 9-10, and specifically

2    alleged that he "complained about the harassment to Dave Bird, VP and nothing was done," ECF

3    No. 56-1, Ex. A at 6.  In support of his argument, Plaintiff cites to Cole v. Antelope Valley Union

4    High Sch. Dist., 47 Cal. App. 4th 1505, 1509, 1511 (1996), which held that a plaintiff adequately

5    exhausted administrative remedies under the FEHA "because [the defendant] was named in the

6    body of the administrative charge as a person who discriminated against plaintiff," even though

7    that defendant was not named in the caption of the FEHA complaint.

8          The Court concludes that a DFEH administrative investigation would reasonably be

9    expected to encompass Plaintiff's potential legal claims under the FEHA for California-based

10   discrimination, harassment, failure to take all reasonable steps to prevent discrimination and

11   harassment, hostile work environment, and retaliation.  See Sosa, 920 F.2d at 1456.  While

12   Defendant's Reply reiterates that "Plaintiff's administrative complaint to the DFEH . . . confirms

13   that the only conduct violating FEHA occurred in Djibouti, by others also in Djibouti," ECF No.

14   64 at 5, Plaintiff's Administrative Complaint clearly accused California Supervisor David Bird of

15   knowingly failing to remedy discrimination and harassment Plaintiff suffered.  ECF No. 56-1, Ex.

16   A at 6.

17         Liberally construed, Plaintiff's DFEH Complaint therefore exhausted Plaintiff's

18   administrative remedies as to Plaintiff's FEHA claims.  See Oubichon, 482 F.2d at 571.

19                          **b.      Sufficiency of Pleadings**

20         As stated above, the Court construes Plaintiff's third and fourth counts to attempt to state

21   claims under the FEHA for discrimination, harassment, failure to take all reasonable steps to

22   prevent discrimination and harassment, hostile work environment, and retaliation.  In support of

23   these claims, Plaintiff makes the following allegations:  "Mr. Bird failed to respond to Plaintiff's

24   reports of discrimination and harassment," ECF No. 53 at 5; "Defendants did not supply [Plaintiff]

25   will the assistance that he needed" to relocate his family close to Djibouti on a timely basis,

26   "excluded Plaintiff from important meetings with management and with the client," and "failed to

27   provide material information related to the performance of the job, [and] failed to provide a

28   properly working computer," id.; "Plaintiff never was formerly introduced to his supervisor, Dave

United States District Court
Northern District of California

1    Bird," and "was ignored by management at meetings, which . . . created a climate whereby his co-

2    workers would do the same," id.; "Defendants verbally abused Plaintiff in front of the client,"

3    "required Plaintiff to report to an individual in violation of the project contract," and "retaliated

4    against Plaintiff for complaining about the abusive treatment," id. at 6; Defendant made

5    "derogatory comments and communications" and "embarass[ed] [Plaintiff] in front of co-workers

6    and clients," id. at 9; and "Plaintiff's co-workers who did not share his protected status were

7    treated significantly more favorably than Plaintiff in all aspects of employment," id. at 11.

8           In its prior order, the Court dismissed Plaintiff's FEHA claims for failure to allege any

9    connection to conduct in California, and advised that "[a]ny amended pleading must identify the

10   specific California-based conduct that was connected to the alleged discriminatory conduct." ECF

11   No. 48 at 6. "[E]mployees located outside of California are not themselves covered by the

12   protections of [the FEHA] if the wrongful conduct did not occur in California and it was not

13   ratified by decision makers or participants located in California." Cal. Code Regs. tit. 2, § 11008;

14   see Campbell v. Arco Marine, 42 Cal. App. 4th 1850, 1861 (1996). In Campbell, 42 Cal. App. 4th

15   at 1858, the court held that the FEHA could not be applied to conduct that occurred outside of

16   California, to a plaintiff who was a non-resident of California, and which involved no participation

17   by any corporate officer in the Defendant company's California headquarters. Courts in this

18   circuit have applied this extraterritoriality rule even if the plaintiff is a California resident. See,

19   e.g., Anderson v. CRST Intern., Inc., No. CV 14-368 DSF (MANx), 2015 WL 1487074 at *5

20   (C.D. Cal. Apr. 1, 2015) (holding that the concept of extraterritoriality applies "regardless of the

21   plaintiff's residency"; see also Rulenz v. Ford Motor Co., No. 10cv1791-GPC-MDD, 2013 WL

22   2181241 at *3 (S.D. Cal. May 20, 2013) ("Therefore, to properly plead a FEHA claim, a plaintiff

23   must sufficiently allege the tortious conduct occurred in the state of California"); Gonsalves v.

24   Infosys Tech., LTD., No. C 09-04112 MHP, 2010 WL 1854146 at *6 (N.D. Cal. May 6, 2010)

25   (Plaintiff must aver "a factual nexus between [Defendant's] California-based activities and the

26   alleged discriminatory conduct").

27          Plaintiff argues that he sufficiently establishes a factual nexus between David Bird's

28   conduct in California and the discrimination Plaintiff suffered in Djibouti. ECF No. 61 at 8. He

1    points to his allegations that "Mr. Bird would direct Plaintiff and Weinmuller from his office in

2    California," ECF No. 53 at 5; that "Mr. Bird failed to respond to Plaintiff's reports of

3    discrimination and harassment, and filed [*sic*] to initiate an investigation regarding the same," id.;

4    and that "Defendant's California-based officers . . . discriminated against him" by various means,

5    including "by obstructing his ability to obtain information and tools necessary to perform his job,"

6    id. at 2.

7         It is important to note, however, that general allegations of Defendants' conduct in

8    California alone are not sufficient.  The operative inquiry is whether Plaintiff has plausibly alleged

9    "a factual nexus" between the California-based activities and the discriminatory conduct.  The

10   Court therefore examines Plaintiff's individual claims within this framework.

### i.    Discrimination

12   "It is an unlawful employment practice . . . [f]or an employer, because of [an employee's]

13   race, religious creed, color, [or] national origin . . . to discriminate against [the employee] in

14   compensation or in terms, conditions, or privileges of employment."  Cal. Gov't Code § 12940.

15   To violate the FEHA prohibition on discrimination, an employer must take "some official action

16   with respect to the employee, such as hiring, firing, failing to promote, adverse job assignment,

17   significant change in compensation or benefits, or official disciplinary action."  Roby v.

18   McKesson Corp., 47 Cal. 4th 686, 706 (2009), as modified (Feb. 10, 2010).  "The standard by

19   which a constructive discharge is determined is an objective one—the question is whether a

20   reasonable person faced with the allegedly intolerable employer actions or conditions of

21   employment would have no reasonable alternative except to quit."  Woods v. Bayer Healthcare

22   LLC, No. C 05-02871 JSW, 2006 WL 1991761, at *9 (N.D. Cal. July 14, 2006) (citations

23   omitted).

24        Here, while Plaintiff does allege specific indignities he suffered (such as being excluded

25   from meetings, being ignored at meetings, and being denied a properly working computer), FAC

26   at 5, his factual allegations do not demonstrate that Defendants' conduct created conditions so

27   intolerable that he had no reasonable alternative but to quit.  See Jaroslawsky v. City & Cty. of

28   San Francisco, No. C 12-04949 JSW, 2013 WL 1287431, at *2 (N.D. Cal. Mar. 28, 2013)

1   (unpublished) (under the FEHA, "ordinary tribulations of the workplace, or trivial harms, do not

2   constitute adverse employment actions").  More importantly, he does not plausible allege that the

3   relevant conduct that caused these conditions occurred in California.  See Gonsalves, 2010 WL

4   1854146, at *6 (finding allegations that a defendant's California employees "instituted, ratified

5   and affirmed unlawful, discriminatory, and retaliatory corporate policies" to be "extremely general

6   in nature" and insufficient for stating a claim under the FEHA).

7          Though Plaintiff alleges that he was treated "so poorly that he was forced to resign," FAC

8   at 5, this claim is conclusory without support from factual allegations.  Therefore, even liberally

9   construed, Plaintiff fails to allege facts from which the Court can conclude that Defendant

10  discriminated against Plaintiff from California in violation of the FEHA.

11                          **ii.      Harassment**

12         "To prevail on a hostile workplace/harassment claim under FEHA, an employee must

13  show that she was subjected to verbal or physical conduct related to a protected trait, that the

14  conduct was unwelcome, and that the conduct was sufficiently severe or pervasive to alter the

15  conditions of her employment and create an abusive work environment."  Abdul-Haqq v. Kaiser

16  Found. Hosps., No. C 14-4140 PJH, 2015 WL 1738288, at *6 (N.D. Cal. Apr. 10, 2015).

17  "Harassment includes, but is not limited to, verbal epithets or derogatory comments, physical

18  interference with freedom of movement, derogatory posters or cartoons, and unwanted sexual

19  advances." Janken v. FM Hughes Electronics, 46 Cal. App. 4th 55, 63 (1996).  "[C]ourts have held

20  that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must

21  show a concerted pattern of harassment of a repeated, routine or a generalized nature."  Fisher v.

22  San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 610 (1989).

23         None of Plaintiff's specific factual allegations, such as that he was denied timely relocation

24  assistance, supervised by Mr. Weinmuller in violation of the project contract, excluded from or

25  ignored at meetings, never introduced to David Bird, and denied the information and properly

26  working computer he needed to do his job,  FAC at 5-6, constitutes harassment as defined above.

27  To the extent Plaintiff attempts to directly allege harassment, the allegations are both conclusory

28  and insufficient to demonstrate a "concerted pattern" of conduct.  See, e.g., id. at 5 ("Defendants

United States District Court
Northern District of California

verbally abused Plaintiff"); id. at 7 ("Defendants made "derogatory comments and communications, both written and oral," and embarrassed Plaintiff).

Therefore, Plaintiff fails to adequately state a claim for harassment in violation of the FEHA.

### iii.    Failure to Take All Reasonable Steps to Prevent Discrimination and Harassment

Because Plaintiff does not sufficiently state claims for discrimination or harassment under the FEHA, as a matter of law Plaintiff therefore also does not sufficiently state a claim for failure to take all reasonable steps to prevent such conduct.  See Trujillo v. N. Cty. Transit Dist., 63 Cal. App. 4th 280, 289 (1998) ("Employers should not be held liable to employees for failure to take necessary steps to prevent [discriminatory and harassing actions], except where the actions took place and were not prevented").

### iv.    Hostile Work Environment

"The elements for a claim of hostile environment under FEHA are: (1) the plaintiff belongs to a protected group; (2) the plaintiff was subjected to unwelcome harassment because of being a member of that group; and (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." Landucci v. State Farm Ins. Co., 65 F. Supp. 3d 694, 703 (N.D. Cal. 2014).  Because Plaintiff does not sufficiently state a claim for harassment, an essential element of this cause of action, Plaintiff likewise does not state a claim for hostile work environment.

### v.    Retaliation

To state a claim for retaliation under the FEHA, a "[p]laintiff must show that he or she engaged in protected activity and was thereafter subjected to adverse employment action by his or her employer because of that protected activity." Wysinger v. Auto. Club of S. California, 157 Cal. App. 4th 413, 420 (2007).  Protected employee activity includes complaining about "conduct that the employee reasonably believes to be discriminatory." Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028 (2005).

Plaintiff has not shown that he was subject to an adverse employment action by his

United States District Court
Northern District of California

17

1    employer.  Therefore, Plaintiff also does not sufficiently state a claim for retaliation in violation of

2    the FEHA.

3           In sum, because Plaintiff does not adequately state a claim for any cause of action under

4    the FEHA, the motion to dismiss Plaintiff's FEHA claims is granted without prejudice.

5                          **3.     Remaining Claims**

6           Plaintiff's remaining causes of action bring claims for negligent hiring, retention, and

7    supervision; for breach of contract; for fraud and misrepresentation; and for wrongful termination.

8    Defendant argues that all of these counts should be dismissed for failure to state a plausible claim.

9    The Court considers each claim in turn.

10                         **a.     Negligent Hiring, Retention, and Supervision**

11          Under California law, a defendant employer may be liable for the acts of his agents where

12   the employer "is either negligent or reckless in the hiring or supervision of the agent."  Deutsch v.

13   Masonic Homes of Cal., Inc., 164 Cal. App. 4th 748, 783 (2008); see also Evan F. v. Hudson

14   United Methodist Church, 8 Cal. App. 4th 828, 842 (1992) (liability attached when "the employer

15   has not taken the care which a prudent man would take in selecting the person for the business at

16   hand" (internal quotation marks, citation, and emphasis omitted)).

17          Here, the only amended allegation added to this claim in the FAC is that Defendants

18   breached their duty to Plaintiff "to provide a workplace free of harassment and discrimination, *by*

19   *negligently hiring Mr. Bird and Mr. Weinmuller*."  ECF No. 53 at 10 (emphasis added).  However,

20   Plaintiff's FAC still contains no allegations as to why Defendant's hiring of Mr. Bird and Mr.

21   Weinmuller was negligent or reckless.  Plaintiff argues in his Opposition that it can be inferred

22   from the FAC that "Defendant should have known that Bird and Weinmuller were unfit, because

23   of their discriminatory tendencies," ECF No. 61 at 10, but he provides no allegations identifying

24   either individual's prior "discriminatory tendencies" or how Defendant should have known of

25   these proclivities.  Accordingly, Plaintiff's claim for negligent hiring, retention and supervision is

26   dismissed without prejudice.

27                         **b.     Breach of Contract**

28          To prevail on a breach of contract claim, a plaintiff must prove "(1) the contract, (2) the

United States District Court
Northern District of California

18

plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." Richman v. Hartley, 224 Cal. App. 4th 1182, 1186 (2014).

In its order of March 10, 2016, the Court dismissed Plaintiff's breach of contract claim for failing to identify contractual terms that were violated and for failing to identify specific conduct that violated those terms. ECF No. 48 at 7. In his FAC, Plaintiff alleges that Defendant's conduct towards him "clearly breached the terms of the Offer Letter and company policies." ECF No. 53 at 5; see also id. at 10 (alleging that Defendants "breached their contract and the attendant covenant of good faith and fair dealing when they discriminated and harassed Plaintiff in contravention of Company policies and practices prohibiting discrimination and harassment"). Plaintiff further alleges that "Mr. Weinmuller was Plaintiff's supervisor on a daily basis in all practical respects," id. at 5, "in conflict with the contract requirements," id. at 4.

In his Opposition, Plaintiff offers two theories of breach of contract. First, he argues that Defendant breached its contract with Plaintiff by violating commitments to not engage in discrimination and retaliation, as well as by violating the duty of good faith and faith dealing. ECF No. 61 at 11. However, Plaintiff's FAC fails to support this theory by identifying specific contract terms that were violated or specific conduct by Defendant that violated its obligation of good faith and fair dealing.

Plaintiff also argues that Defendant breached its contract with Plaintiff by allowing Project Manager Weinmuller to supervise him instead of David Bird. ECF No. 61 at 11. This argument relies on Plaintiff's three Declaration Exhibits: his December 10, 2013 offer letter, ECF No. 62, Decl. Ex. A, at 6 ("As the Project Quality Control Manager, you will be Exempt Employee under the management and day-to-day supervision of the Project Manager, Michael Weinmuller"); his December 18, 2013 offer letter, ECF No. 62, Decl. Ex. B, at 14 ("In your position you will report to David Bird"); and Declaration Exhibit C, which defines the QC Manager position, ECF No. 62, Decl. Ex. C, at 22 ("The QC Manager shall manage the QC organization and shall report to an officer of the firm and shall not be subordinate to the Project Superintendent or the Project Manager").

United States District Court
Northern District of California

1   As an initial matter, the offer letters do not support Plaintiff's claim.  The December 10,

2   2013 offer letter provides that Plaintiff would be "under the day-to-day supervision of the Project

3   Manager, Michael Weinmuller."  ECF No. 62, Decl. Ex. A, at 6, while the December 18, 2013

4   offer letter provides that Plaintiff will "report to David Bird."  ECF No. 62, Decl. Ex. B, at 14.

5   Together, the letters appear to provide that Plaintiff would be supervised by both David Bird and

6   Michael Weinmuller.  Indeed, Plaintiff's allegations support this interpretation: Plaintiff alleges

7   that "Mr. Weinmuller was Plaintiff's supervisor on a daily basis in all practical respects" but that

8   "Mr. Bird would direct Plaintiff . . . from his office in California."  ECF No. 53 at 5.

9   More importantly, through the December 10, 2013 offer letter, Defendant expressly

10   retained "the right at all times to change any aspect of [Plaintiff's] employment (including

11   [Plaintiff's] job responsibilities . . . company policies, practices, procedures . . . [or] management

12   processes."  ECF No. 62, Decl. Ex. A, at 10.  In light of this language, the offer letters do not

13   demonstrate how Plaintiff's supervisorial relationship with Mr. Weinmuller constituted a breach

14   of any contract terms.

15   Plaintiff's Exhibit C, which states that "The QC Manager . . . shall report to an officer of

16   the firm and shall not be subordinate to the Project Superintendent or the Project Manager,"

17   provides the strongest evidence that Plaintiff should not have been supervised by Project Manager

18   Weinmuller.  ECF No. 62, Decl. Ex. C, at 22.  But even viewed in the light most favorable to

19   Plaintiff, this language does not negate Plaintiff's apparent assent to the terms of the first offer

20   letter, wherein Defendant reserved the right to modify the terms of Plaintiff's employment.  See

21   ECF No. 62, Decl. Ex. A at 10.

22   Plaintiff therefore fails to sufficiently state a claim for breach of contract.  Accordingly, the

23   motion to dismiss Plaintiff's claim for breach of contract is dismissed without prejudice.

24                                   **c.      Fraud**

25   To plead a cause of action for fraud, a plaintiff must allege "(1) a knowingly false

26   representation by the defendant, (2) an intent to defraud or to induce reliance, (3) justifiable

27   reliance, and (4) resulting damages."  Croeni v. Goldstein, 21 Cal. App. 4th 754, 758 (1994).

28   Every element must be specifically pleaded.  Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal.

App. 4th 153, 157 (1991).

Here, Plaintiff alleges that "Defendants actively and aggressively recruited and hired Plaintiff knowing that they had animus toward Plaintiff based upon his race, religion, and national origin," and that he accepted his assignment on Djibouti over other potential opportunities "due to Defendants' representations that he would enjoy the full support of Defendant's resources related to the position that he would hold and that he would be treated in a manner consistent with this [*sic*] policies of non-discrimination and prohibition of harassment." ECF No. 53 at 11. In his Opposition, Plaintiff argues it can be inferred from his FAC that Defendants specifically represented that he would be supervised by David Bird, "but actually never intended to follow through with such a statement, but rather would assignment him to work with a team of racist white men." ECF No. 61 at 12; see ECF No. 53 at 4.

Outside of general statements, Plaintiff's FAC does not allege any conduct that indicates Defendant's knowledge that they purportedly held animus toward Plaintiff, or their related fraudulent intent. Furthermore, any reliance Plaintiff may have had on a representation that he would be supervised by David Bird appears substantially less justifiable in light of the first offer letter's terms expressly reserving Defendant's "right at all times to change any aspect of [Plaintiff's] employment," including job responsibilities and management processes. See ECF No. 62, Decl. Ex. A, at 10. Moreover, even putting the reservation of rights to one side, the Court is not aware of any authority that a general statement that an employee will be supervised by a particular person creates an enforceable obligation that the employer not be supervised by someone else.

Accordingly, the motion to dismiss Plaintiff's claim for fraud and misrepresentation is granted with leave to amend.

### d.    Wrongful Termination

Plaintiff's final claim is for wrongful termination. ECF No. 53 at 11. Under California law, "[t]he elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge

caused the plaintiff harm." <u>Nosal–Tabor v. Sharp Chula Vista Med. Ctr.</u>, 239 Cal.App.4th 1224, 1234–35 (4th Dist. 2015) (internal quotation marks and citation omitted).  "FEHA's provisions prohibiting discrimination may provide the policy basis for a claim for wrongful discharge in violation of public policy."  <u>Phillips v. St. Mary Reg'l Med. Ctr.</u>, 96 Cal. App. 4th 218, 227 (2002).

Defendant argues that "this claim should fail because it is entirely derivative of his statutory claims."  ECF No. 55 at 16.  Courts, however, have disagreed.  <u>See</u> <u>Rojo v. Kliger</u>, 52 Cal. 3d 65, 73, 801 P.2d 373, 377 (1990) (holding that the FEHA supplemented, but did not supplant, common law remedies for employment discrimination).  In any event, Plaintiff has not shown that he was constructively terminated and therefore has not demonstrated the elements necessary for this tort.  The motion to dismiss Plaintiff's wrongful termination claim is granted with leave to amend.

### C.   Leave to Amend

Leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2). Plaintiff has amended his complaint once and this will be the second motion to dismiss granted in full against him.  Nevertheless, Plaintiff has identified specific additional allegations that he could plead should this motion to dismiss be granted.  <u>See, e.g.</u>, ECF No. 61 at 6, 10-11.  Accordingly, the Court concludes leave to amend is appropriate here.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted with leave to amend and Defendant's Request to Strike is denied.  Any amended complaint must be filed within 21 days of the issuance of this order.

Plaintiff is encouraged to directly attach to any amended complaint any supporting exhibits on which his claims rely so that any such exhibits are formally incorporated into the pleadings.

Plaintiff is also encouraged to seek the assistance of the Legal Help Center in amending his complaint.  The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California.  Assistance is provided by appointment only.  Litigants may schedule an appointment by signing up in the appointment book located on the table outside the door of the

United States District Court
Northern District of California

Center or by calling the Legal Help Center appointment line at 415–782–8982.  Plaintiffs may also wish to consult the Northern District of California manual, *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants,* a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

     **IT IS SO ORDERED.**

Dated:  October 3, 2016

_____
JON S. TIGAR
United States District Judge